## UNITED STATES OF AMERICA
## MERIT SYSTEMS PROTECTION BOARD

CARLTON E. HOOKER, JR.,
        Appellant,

      v.

DEPARTMENT OF VETERANS
    AFFAIRS,
        Agency.

DOCKET NUMBER
AT-3330-17-0267-I-1

DATE: January 30, 2023

## THIS FINAL ORDER IS NONPRECEDENTIAL[1]

<u>Carlton E. Hooker, Jr.</u>, St. Petersburg, Florida, pro se.

<u>Luis E. Ortiz-Cruz</u>, Esquire, Orlando, Florida, for the agency.

### BEFORE

Cathy A. Harris, Vice Chairman
Raymond A. Limon, Member
Tristan L. Leavitt, Member

### FINAL ORDER

¶1      The appellant has filed a petition for review of the initial decision, which dismissed this Veterans Employment Opportunities Act of 1998 (VEOA) appeal for lack of jurisdiction. Generally, we grant petitions such as this one only in the following circumstances: the initial decision contains erroneous findings of

---

[1] A nonprecedential order is one that the Board has determined does not add significantly to the body of MSPB case law. Parties may cite nonprecedential orders, but such orders have no precedential value; the Board and administrative judges are not required to follow or distinguish them in any future decisions. In contrast, a precedential decision issued as an Opinion and Order has been identified by the Board as significantly contributing to the Board's case law. *See* 5 C.F.R. § 1201.117(c).

material fact; the initial decision is based on an erroneous interpretation of statute or regulation or the erroneous application of the law to the facts of the case; the administrative judge's rulings during either the course of the appeal or the initial decision were not consistent with required procedures or involved an abuse of discretion, and the resulting error affected the outcome of the case; or new and material evidence or legal argument is available that, despite the petitioner's due diligence, was not available when the record closed. Title 5 of the Code of Federal Regulations, section 1201.115 (5 C.F.R. § 1201.115). After fully considering the filings in this appeal, we conclude that the petitioner has not established any basis under section 1201.115 for granting the petition for review. Therefore, we DENY the petition for review. Except as expressly MODIFIED by this Final Order to find that the appellant exhausted his administrative remedy with the Department of Labor (DOL) but failed to make a nonfrivolous allegation that the agency denied his right to compete, we AFFIRM the initial decision.

## BACKGROUND

¶2      On December 9, 2016, the Bay Pines Veterans Affairs Healthcare System (BPVAHCS) Assistant Secretary for Operations, Security, and Preparedness, issued a letter informing the appellant that he was being placed in a "'No Engagement' status" because of his disruptive behavior and intimidation of staff. Initial Appeal File (IAF), Tab 1 at 26-29. The Assistant Secretary informed the appellant that he was restricted from any engagement with BPVAHCS, his "inquiries to or communications with the BPVAHCS [would] not be answered or addressed," and he was physically restricted from all BPVAHCS properties. *Id*. at 26. The letter provided the appellant with an alternate location for medical services and various points of contact, including one for "any further questions." *Id.* at 26-27.

¶3      The agency posted a vacancy announcement for a Transportation Assistant position, which was open from January 6 through 13, 2017. IAF, Tab 7 at 21.

Status candidates were eligible to apply under merit promotion procedures or as VEOA eligibles. *Id.* The vacancy also was open to disabled veterans and certain disabled individuals under a Schedule A hiring authority. *Id.* at 22; 5 C.F.R. § 231.3102(u). To apply as a disabled veteran or under Schedule A, the agency directed applicants to contact its Selective Placement Coordinator at BPVAHCS. IAF, Tab 7 at 22, 24.

¶4 On January 8, 2017, the appellant emailed the Assistant Secretary for Operations, Security, and Preparedness, other agency officials, and third parties, alleging that he was unable to apply for the Transportation Assistant position because he was prohibited from contacting the Selective Placement Coordinator. IAF, Tab 1 at 12. He did not request information regarding how to apply and did not send his email to any of the individuals or points of contact listed on the agency's December 9, 2016 No Engagement letter. *Id.* He subsequently filed a complaint with the Department of Labor (DOL) on January 9, 2017, asserting that the agency had banned him for life from applying for all jobs at BPVAHCS. *Id.* at 11, 22-24. DOL informed him that it could not investigate his complaint until he applied for a position. *Id*. at 3, 11. According to the appellant, he spoke to a DOL investigator who advised him to contact the agency for information about how to apply. *Id*. at 3.

¶5 On the morning of January 12, 2017, the appellant emailed the BPVAHCS Selective Placement Coordinator to obtain information on how to apply for the vacant Transportation Assistant position pursuant to the Schedule A hiring authority or as a disabled veteran. *Id.* at 3, 12. He alleged, and the agency has not disputed, that he received no response before the vacancy closed the next day. *Id.* at 3. He copied the DOL investigator in his email of January 12, 2017, which was the same date the investigator issued a file closure letter and mailed it to the appellant. IAF, Tab 7 at 19-20. In the file closure letter, DOL stated that the appellant was required to apply for a position before it could investigate his case. *Id*. at 19.

¶6        The appellant filed this appeal, arguing that DOL should have investigated his VEOA complaint because the agency barred him from receiving information from its Selective Placement Coordinator on how to apply for special employment considerations based on his status as a disabled veteran or under Schedule A. IAF, Tab 1 at 3.  The administrative judge issued an order informing the appellant of his burden of proving jurisdiction over a VEOA claim.  IAF, Tab 3.  The appellant responded by submitting evidence and argument that he exhausted his remedy before DOL and otherwise made nonfrivolous allegations that met his burden of proving jurisdiction under VEOA.  IAF, Tab 7.  The administrative judge issued an initial decision that dismissed the appeal for lack of jurisdiction finding that the appellant did not prove that he exhausted with DOL.  IAF, Tab 8, Initial Decision (ID) at 4.

¶7        The appellant has filed a petition for review of the initial decision.  Petition for Review (PFR) File, Tab 1.  The agency has filed a response in opposition to his petition.  PFR File, Tab 3.

## DISCUSSION OF ARGUMENTS ON REVIEW

¶8        Here, the administrative judge found that the appellant did not satisfy the exhaustion requirement because he failed to inform DOL that, prior to DOL issuing its closure letter, he applied or attempted to apply for the Transportation Assistant position.  ID at 4.  The administrative judge did not consider whether the appellant otherwise established Board jurisdiction over his VEOA claim.  ID.  For the reasons discussed below, we disagree with the administrative judge's finding that the appellant failed to exhaust with DOL but find that the Board has no jurisdiction over this appeal because the appellant did not make a nonfrivolous allegation that the agency denied him a right to compete for the Transportation Assistant position.

**The Board has no jurisdiction over the appellant's claim that the agency denied his right to compete under 5 U.S.C. § 3304(f)(1).**

¶9      The appellant argues that the agency denied him his right to compete for the Transportation Assistant vacancy because the agency was prohibited by its No Engagement order from responding to his inquiries regarding how to apply.  PFR File, Tab 1 at 5, 7-8; IAF, Tab 1 at 26-29.  VEOA provides that:

> Preference eligibles or veterans who have been separated from the armed forces under honorable conditions after 3 years or more of active service may not be denied the opportunity to compete for vacant positions for which the agency making the announcement will accept applications from individuals outside its own workforce under merit promotion procedures.

5 U.S.C. § 3304(f)(1); *Montgomery v. Department of Health & Human Services*, 123 M.S.P.R. 216, ¶ 4 (2016).  Affected individuals may seek administrative redress for a violation of their rights under 5 U.S.C. § 3304(f)(1) by filing a complaint with the Secretary of Labor and, after exhaustion of that process, filing a timely appeal with the Board.  *Montgomery*, 123 M.S.P.R. 216, ¶ 4.

¶10      To meet VEOA's requirement that he exhaust his remedy with DOL, the appellant must establish that:  (1) he filed a complaint with the Secretary of Labor; and (2) the Secretary of Labor was unable to resolve the complaint within 60 days or has issued a written notification that the Secretary's efforts have not resulted in resolution of the complaint.  *Alegre v. Department of the Navy*, 118 M.S.P.R. 424, ¶ 12 (2012).  We find that the record reflects that the appellant has exhausted his remedy before DOL regarding his claim.  The appellant filed a complaint with DOL on January 9, 2017.  IAF, Tab 1 at 21-23; Tab 7 at 19.  On the morning of January 12, 2017, the appellant emailed the agency and the investigator assigned to his DOL complaint stating that he wanted to apply for a Transportation Assistant vacancy under Schedule A or as a veteran with a 30% service-connected disability.  IAF, Tab 7 at 20.  On the same day that the appellant sent that email, the DOL investigator issued a letter notifying the appellant that DOL had closed his case, effective January 12, 2017, without

resolution. *Id.* at 19. We find this is sufficient proof that the appellant exhausted his remedy with DOL concerning his claims on appeal.

¶11     To establish Board jurisdiction over a "right to compete" appeal under 5 U.S.C. § 3330a(a)(1)(B), in addition to showing that he exhausted his remedy with DOL, the appellant must make nonfrivolous allegations that: (1) he is a veteran within the meaning of 5 U.S.C. § 3304(f)(1); (2) the action at issue took place on or after the enactment date of the Veterans' Benefits Improvement Act of 2004; and (3) the agency, in violation of 5 U.S.C. § 3304(f)(1), denied him the opportunity to compete under merit promotion procedures for a vacant position for which the agency accepted applications from individuals outside its own workforce. *Becker v. Department of Veterans Affairs*, 115 M.S.P.R. 409, ¶ 5 (2010). A nonfrivolous allegation is an assertion that, if proven, could establish the matter at issue. 5 C.F.R. § 1201.4(s).

¶12     We find that the appellant made a nonfrivolous allegation that he met the requirements for applying for the position (1) as a VEOA eligible candidate, (2) a disabled veteran, and (3) under Schedule A. 5 U.S.C. § 3304(f)(1); IAF, Tab 1 at 2, Tab 7 at 4, 21-22. Moreover, the record reflects that the vacancy announcement for the Transportation Assistant position at issue here was issued in 2017, after the enactment of the Veterans Benefits Improvement Act of 2004. IAF, Tab 7 at 21. Further, although neither party has addressed whether the position was open to external candidates, we find sufficient evidence to satisfy this requirement for purposes of the appellant's jurisdictional burden. *See* Department of Veterans Affairs, Status Candidates and Other Candidate Definitions for Permanent Positions, https://www.va.gov/OHRM/JobListings/Status-Candidate-and-Other-Candidate-Definitions.pdf (last visited Jan. 30, 2023) (explaining the agency's various hiring authorities); 5 C.F.R. § 1201.64 (permitting the Board to take official notice of matters that can be verified). For the reasons discussed below, however, we find

that the appellant has not made a nonfrivolous allegation that the agency denied him the opportunity to compete.

¶13     In response to the show cause order on jurisdiction, the appellant alleged that the agency denied him his right to compete because he emailed the Selective Placement Coordinator "on January 12, 201[7] @ 9:43 AM," asking her how to apply for the Transportation Assistant position, but she did not reply.  IAF, Tab 7 at 5, 20.  He attributes her failure to respond to his request to the December 9, 2016 letter he received from the agency placing him in a "No Engagement" status and informing him that his "inquiries or communications with BPVAHCS [would] not be answered or addressed."  PFR File, Tab 1 at 5-6; IAF, Tab 7 at 5, 17.

¶14     We find that the appellant's assertions, if proven, could not establish that the agency denied him his right to compete for the following reasons.  First, the vacancy announcement did not require that candidates contact the Selective Placement Coordinator if they were seeking consideration as a VEOA eligible.  IAF, Tab 7 at 21-22.  The appellant has identified himself as preference-eligible veteran with a 60% service-connected disability, which would have qualified him to apply under this category.  IAF File, Tab 1 at 2-3; 5 U.S.C. § 2108; *see* https://www.va.gov/OHRM/JobListings/Status-Candidate-and-Other-Candidate-Definitions.pdf (explaining that VEOA candidates are preference-eligible veterans who separated from the armed forces under honorable conditions after approximately 3 years of active service).  The appellant has not explained why he did not apply for the position on this basis.

¶15     As to the appellant's possible qualification as a disabled veteran or under Schedule A, he sent his January 12, 2017 email to the Selective Placement Coordinator the day before the vacancy announcement closed.[2]  We decline to find that any failure to respond to the appellant only one day before the

_____

[2] The appellant's January 8, 2017 email did not seek any guidance regarding how to apply for the position.  IAF, Tab 7 at 20.  Therefore, any failure by the agency to respond did not deny the appellant a right to compete for the position.

announcement closed denied him his right to compete. Further, the appellant had other ways to contact the agency for instructions on how to apply for the position, without violating the terms of the agency's December 9, 2016 letter and his "No Engagement" status. In the letter, the agency directed the appellant to use a specific email address and telephone number to contact the agency if he had any questions. IAF, Tab 7 at 18. The appellant does not allege that he attempted to contact this resource to determine how to apply for the position at issue.

¶16    Under these circumstances, we find that the appellant has not made a nonfrivolous allegation of facts that, if proven, would establish that the agency denied him his right to compete.[3] Accordingly, we deny the petition for review and affirm the initial decision, as modified.

## NOTICE OF APPEAL RIGHTS[4]

The initial decision, as supplemented by this Final Order, constitutes the Board's final decision in this matter. 5 C.F.R. § 1201.113. You may obtain review of this final decision. 5 U.S.C. § 7703(a)(1). By statute, the nature of your claims determines the time limit for seeking such review and the appropriate forum with which to file. 5 U.S.C. § 7703(b). Although we offer the following summary of available appeal rights, the Merit Systems Protection Board does not provide legal advice on which option is most appropriate for your situation and the rights described below do not represent a statement of how courts will rule

---

[3] On review, the appellant submitted documents pertaining to the agency's determination that he should be in a "No Engagement" status and relating to an equal employment opportunity complaint he filed against the agency. PFR File, Tab 1 at 9-21. We decline to consider this information because it is not material to the dispositive jurisdictional question. *See Russo v. Veterans Administration*, 3 M.S.P.R. 345, 349 (1980) (finding that the Board will not grant a petition for review based on new evidence absent a showing that it is of sufficient weight to warrant an outcome different from that of the initial decision).

[4] Since the issuance of the initial decision in this matter, the Board may have updated the notice of review rights included in final decisions. As indicated in the notice, the Board cannot advise which option is most appropriate in any matter.

regarding which cases fall within their jurisdiction. If you wish to seek review of this final decision, you should immediately review the law applicable to your claims and carefully follow all filing time limits and requirements. Failure to file within the applicable time limit may result in the dismissal of your case by your chosen forum.

Please read carefully each of the three main possible choices of review below to decide which one applies to your particular case. If you have questions about whether a particular forum is the appropriate one to review your case, you should contact that forum for more information.

**(1) Judicial review in general**. As a general rule, an appellant seeking judicial review of a final Board order must file a petition for review with the U.S. Court of Appeals for the Federal Circuit, which must be received by the court within **60 calendar days** of the date of issuance of this decision. 5 U.S.C. § 7703(b)(1)(A).

If you submit a petition for review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

> U.S. Court of Appeals
> for the Federal Circuit
> 717 Madison Place, N.W.
> Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The

Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

(2) **Judicial or EEOC review of cases involving a claim of discrimination**. This option applies to you <u>only</u> if you have claimed that you were affected by an action that is appealable to the Board and that such action was based, in whole or in part, on unlawful discrimination. If so, you may obtain judicial review of this decision—<u>including a disposition of your discrimination claims</u>—by filing a civil action with an appropriate U.S. district court (*not* the U.S. Court of Appeals for the Federal Circuit), within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7703(b)(2); *see Perry v. Merit Systems Protection Board*, 582 U.S. \_\_\_\_ , 137 S. Ct. 1975 (2017). If you have a representative in this case, and your representative receives this decision before you do, then you must file with the district court no later than **30 calendar days** <u>after your representative</u> receives this decision. If the action involves a claim of discrimination based on race, color, religion, sex, national origin, or a disabling condition, you may be entitled to representation by a court-appointed lawyer and to waiver of any requirement of prepayment of fees, costs, or other security. *See* 42 U.S.C. § 2000e-5(f) and 29 U.S.C. § 794a.

Contact information for U.S. district courts can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

Alternatively, you may request review by the Equal Employment Opportunity Commission (EEOC) of <u>your discrimination claims only, excluding all other issues</u>. 5 U.S.C. § 7702(b)(1). You must file any such request with the EEOC's Office of Federal Operations within **30 calendar days** <u>after you receive</u> this decision. 5 U.S.C. § 7702(b)(1). If you have a representative in this case, and your representative receives this decision before you do, then you must file

with the EEOC no later than **30 calendar days** <u>after your representative receives</u> this decision.

If you submit a request for review to the EEOC by regular U.S. mail, the address of the EEOC is:

Office of Federal Operations
Equal Employment Opportunity Commission
P.O. Box 77960
Washington, D.C.  20013

If you submit a request for review to the EEOC via commercial delivery or by a method requiring a signature, it must be addressed to:

Office of Federal Operations
Equal Employment Opportunity Commission
131 M Street, N.E.
Suite 5SW12G
Washington, D.C.  20507

**(3)** <u>**Judicial review pursuant to the Whistleblower Protection Enhancement Act of 2012**</u>.  This option applies to you <u>only</u> if you have raised claims of reprisal for whistleblowing disclosures under 5 U.S.C. § 2302(b)(8) or other protected activities listed in 5 U.S.C. § 2302(b)(9)(A)(i), (B), (C), or (D). If so, and your judicial petition for review "raises no challenge to the Board's disposition of allegations of a prohibited personnel practice described in section 2302(b) other than practices described in section 2302(b)(8), or 2302(b)(9)(A)(i), (B), (C), or (D)," then you may file a petition for judicial review either with the U.S. Court of Appeals for the Federal Circuit or any court of appeals of competent jurisdiction.[5]  The court of appeals must <u>receive</u> your petition for

---

[5] The original statutory provision that provided for judicial review of certain whistleblower claims by any court of appeals of competent jurisdiction expired on December 27, 2017.  The All Circuit Review Act, signed into law by the President on July 7, 2018, permanently allows appellants to file petitions for judicial review of MSPB decisions in certain whistleblower reprisal cases with the U.S. Court of Appeals for the Federal Circuit or any other circuit court of appeals of competent jurisdiction. The All Circuit Review Act is retroactive to November 26, 2017.  Pub. L. No. 115-195, 132 Stat. 1510.

review within **60 days** of the <u>date of issuance</u> of this decision. <u>5 U.S.C. § 7703</u>(b)(1)(B).

If you submit a petition for judicial review to the U.S. Court of Appeals for the Federal Circuit, you must submit your petition to the court at the following address:

U.S. Court of Appeals
for the Federal Circuit
717 Madison Place, N.W.
Washington, D.C. 20439

Additional information about the U.S. Court of Appeals for the Federal Circuit is available at the court's website, www.cafc.uscourts.gov. Of particular relevance is the court's "Guide for Pro Se Petitioners and Appellants," which is contained within the court's Rules of Practice, and Forms 5, 6, 10, and 11.

If you are interested in securing pro bono representation for an appeal to the U.S. Court of Appeals for the Federal Circuit, you may visit our website at http://www.mspb.gov/probono for information regarding pro bono representation for Merit Systems Protection Board appellants before the Federal Circuit. The Board neither endorses the services provided by any attorney nor warrants that any attorney will accept representation in a given case.

Contact information for the courts of appeals can be found at their respective websites, which can be accessed through the link below:

http://www.uscourts.gov/Court_Locator/CourtWebsites.aspx.

FOR THE BOARD: /s/ for
Jennifer Everling
Acting Clerk of the Board

Washington, D.C.